**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**SANDRA ZEILER, et al.,** *

*Plaintiffs*, *

v. * **Civil Case No. 1:26-cv-01359-JMC**

**HARRY DRYDEN, et al.**
*

*Defendants*.
*

* * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiffs initiated the present action for financial exploitation pursuant to the SAFE Act, Md. Code Ann., Est. & Trusts §§13-601, *et. seq*. on April 7, 2026. (ECF No. 1). Presently pending before the Court is Plaintiffs' Motion to Compel and for Sanctions (ECF No. 23). The Motion is fully briefed (ECF Nos. 23, 24), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Plaintiff did not file any timely reply brief in response to Defendant's Opposition, which represents that this issue is now moot. As set forth immediately below, Plaintiffs' Motion is DENIED.

## I. BACKGROUND

The background relevant to the instant motion is minimal. After Plaintiffs filed suit on April 7, 2026, Defendants filed an Answer on April 29, 2026. (ECF No. 5). The parties filed a Status Report on June 4, 2026 (ECF No. 15), at which point the parties represented their consent to proceed before a Magistrate Judge. *Id.* Accordingly, Judge Abelson issued a scheduling order (ECF No. 16) and referred the case to the undersigned for all further proceedings. (ECF No. 17).

Under the operative scheduling order, the discovery deadline is September 14, 2026. *Id.* On July 28, 2026, Plaintiffs filed the instant motion to Compel and for Sanctions. (ECF No. 23). The motion to compel is predicated entirely on Defendants' failure to respond to certain discovery

responses. *Id.* Defendants oppose the motion and represent that all discovery responses have since been provided. Accordingly, they ask that the motion is denied.

## II. ANALYSIS

Defendant opposes the instant motion on the basis that all responses have since been provided. Plaintiff neither challenges the veracity of this assertion, nor the sufficiency of any such responses. (ECF No. 24 at 2). Thus, on this record, the Court trusts Defendant's representation that all responses have been provided. On the issue of sanctions, the Court does not find any fee award appropriate. Under Federal Rule of Civil Procedure 37(b)(2), the Court may impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 520 (D. Md. 2010) (collecting cases imposing sanctions for failing to follow "a wide variety of orders" designed to provide or permit discovery). Moreover, "[b]efore the Court orders any sanction under Rule 37, it must first consider four factors: '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Brito v. New Life Healthy Living, LLC*, No. CJC-24-1124, 2025 WL 2638030, at *5 (D. Md. Sept. 9, 2025) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)).

Here, seeing as Defendant has now provided all discovery responses at issue and there was no previous Court Order directed them to do so, the Court is satisfied that there has been no prejudice or other violation justifying a sanctions award. Should any future discovery disputes arise, the parties should follow the process to resolve those disputes detailed in the Court's Informal Discovery Memorandum, which took effect on June 5, 2026. (ECF No. 20).

## III. CONCLUSION

For the reasons stated immediately above, it is this 24th day of August 2026 ORDERED that the Motion to Compel and for Sanctions (ECF No. 23) is DENIED.

Date: August 24, 2026

/s/

J. Mark Coulson
United States Magistrate Judge